Argued and submitted February 12, affirmed March 22,
reconsideration denied April 29,
petition for review denied July 13, 1982 (293 Or 373)

TILLAMOOK COUNTY et al,
*Appellants,*

*v.*

LAND CONSERVATION AND DEVELOPMENT
COMMISSION et al,
*Respondents.*

(No. 102,093, CA A20827)

642 P2d 691

Frank M. Parisi, Portland, argued the cause for appellants. With him on the briefs were Michael J. Lilly, George L. Kirklin, and Spears, Lubersky, Campbell & Bledsoe, Portland.

Mary J. Diets, Assistant Attorney General, argued the cause for respondents. With her on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, William F. Gary, Solicitor General, and Frank Ostrander, Assistant Attorney General, Salem.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

GILLETTE, P. J.

## GILLETTE, P. J.

Plaintiffs, certain counties, cities and special districts located, with two exceptions, in the western portion of the state, mount a blunderbuss attack[1] on the validity of the legislative act which created the Land Conservation and Development Commission (Or Laws 1973, ch 80) and the statewide planning goals thereafter promulgated by the Commission pursuant to that act. The trial judge dismissed the case on cross motions for summary judgment. Plaintiffs appeal. We affirm.

■ Plaintiffs argue, *inter alia,* that the trial court dismissed this case on the ground that plaintiffs were estopped to contest the matters they raise because they had entered into contractual relationships with the Commission. While we cannot determine for certain that the trial court's ruling was based in whole or in part on this theory, the respondents defend the decision as if it was so grounded. If it was, it was error. *See Belton v. Buesing,* 240 Or 399, 411-412, 402 P2d 98 (1965).

■ This error does not help plaintiffs, however, because, on the merits, we find no basis to sustain any of their attacks on the act or the goals. *See, e.g., LaGrande/ Astoria v. PERB,* 281 Or 137, 576 P2d 1204 (1978), *aff'd on rehearing* 284 Or 173, 586 P2d 765 (1978); *Meyer v. Lord,* 37 Or App 59, 586 P2d 367 (1978), *rev den* 286 Or 303 (1979); *Fifth Avenue Corporation v. Washington County,* 282 Or 591, 581 P2d 50 (1978).

Affirmed.

---

[1] Not to be confused with "a 720 degree whiff of grapeshot," *Neuberger v. City of Portland,* 37 Or App 13, 586 P2d 351 (1978), a "shotgun blast," *Norvell v. LGBC,* 43 Or App 849, 604 P2d 896 (1979), or a "disparate, scattered attack," *Marquam Investment Corporation v. Beers,* 47 Or App 711, 615 P2d 1064 (1980).